UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:20-CR-1-TBR

UNITED STATES OF AMERICA,                                              PLAINTIFF

v.

MARK EASLEY,                                                                   DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Mark Easley's Motion to Dismiss the Indictment, Motion to Reopen Detention Hearing, and Motion for Release of Property. [DN 19]. The Government responded, [DN 22, 23, 24], and filed a Motion for Psychiatric or Psychological Examination, [DN 27]. Defendant replied. [DN 29]. These matters are ripe for adjudication. At this time, the Court will address Defendant's Motion to Dismiss the Indictment, Defendant's Motion for Release of Property, and the Government's Motion for Psychiatric or Psychological Examination. The Court will determine whether to grant Defendant's Motion to Reopen Detention Hearing after the psychiatric examination is complete. For the reasons stated herein, Defendant's Motion to Dismiss the Indictment, [DN 19], is DENIED; Defendant's Motion for Release of Property, [DN 19], is DENIED; and the Government's Motion for Psychiatric or Psychological Examination, [DN 27], is GRANTED.

**BACKGROUND**

On January 14, 2020, a grand jury charged the Defendant with one count of possession of a firearm by a prohibited person. [DN 9]. The Indictment states:

> On or about December 21, 2019, in the Western District of Kentucky, Crittenden County, Kentucky, the defendant, MARK A. EASLEY a/k/a/ MARK ALLEN EASLEY, with knowledge that he was a person who had been committed to a mental institution on October 24, 2019, pursuant to an order in case number 19-H-00018-001 in Lyon District Court, Eddyville, Kentucky, and

1

on November 6, 2019, pursuant to an order is [sic] case number 19-H-00526-001 in Christian District Court, Hopkinsville, Kentucky, possessed in an affecting interstate commerce the following firearms, to wit: (1) a Sig Sauer model P938 Equinox, 9 millimeter semiautomatic pistol, bearing serial number 52B064246; (2) a Kimber, model Classic Custom Target, .45 caliber semiautomatic pistol, bearing serial number K011802; (3) a Ruger, model 10/22, .22 LR caliber rifle, bearing serial number 248-28689; (4) a Ruger, model M77 Mark II, .220 SWIFT caliber bolt action rifle, bearing serial number 787-50556; (5) a Beretta Pietro S.P.A., model A390 Silver Mallard, 12 gauge shotgun, bearing serial number U12147E; (6) a Marlin, model 1894, .44 REM MAG caliber semiautomatic rifle, bearing serial number 25138700; (7) a Browning, model A-Bolt, .22-250 caliber bolt action rifle, bearing serial number 80851NV817; (8) a Ruger, model 10/22, .22 LR caliber semiautomatic rifle, bearing serial number 252-04084; (9) a RG Industries, model RG14, .22 caliber revolver, bearing serial number L552183; and (10) a FMJ, model D, .45/.410 caliber derringer, bearing serial number A00045692, and ammunition.

In violation of Title 18, United States Code, Sections 922(g)(4) and 924(a)(2).

*Id.* at 17–18.

On February 14, 2020, Defendant was arraigned and entered a plea of not guilty. [DN 18]. On February 21, 2020, Defendant filed a Motion to Dismiss the Indictment and a Motion for Release of Property. [DN 19]. The Government responded and filed a Motion for Psychiatric or Psychological Examination. [DN 22, 24, 27]. The Court will address each motion in turn.

**I.    Motion to Dismiss the Indictment**

An indictment must generally provide a "plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." Fed. R. Crim. P. 7(c)(1). An indictment properly charges a criminal offense if it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions." *United States v. Anderson*, 605 F.3d 404, 411 (6th Cir. 2010) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). If the indictment uses the statutory language of the offense to state the charge, it is presumed sufficient so long as such language "fully and unambiguously states all of the elements of the offense."

2

*United States v. McAuliffe*, 490 F.3d 526, 531 (6th Cir. 2007) (quoting *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 176 (6th Cir. 1992)). Such a description must be accompanied by a statement of facts to inform the defendant of the specific offense with which he is charged. *Id.* (internal citation omitted). "An indictment must assert facts . . . which, if proved, would establish *prima facie* the defendant's commission of [the] crime." *United States v. Younes*, 194 F. App'x. 302, 307 (6th Cir. 2006) (citing *United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 177 (6th Cir. 1992)).

According to Rule 12(b), "a party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). In particular, under Rule 12(b)(3)(B), a defendant may file a motion alleging a defect or insufficiency in the indictment. "Rule 12 directs the district court to make preliminary findings of fact necessary to decide the questions of law presented by pre-trial motion as long as the court's findings on the motion do not invade the province of the jury." *United States v. Buckler*, No. 3:09-CR-00045-R, 2011 WL 1380235, at *1 (W.D. Ky. Apr. 12, 2011) (quoting *United States v. Craft*, 105 F.3d 1123, 1126 (6th Cir. 1997)). "[C]ourts evaluating motions to dismiss do not evaluate the evidence upon which the indictment is based." *United States v. Landham*, 251 F.3d 1072, 1080 (6th Cir. 2001). Therefore, "[a]n indictment valid on its face may not be dismissed on the ground it is based on inadequate or insufficient evidence." *United States v. Jones*, No. CRIM.A. 6:09-16-S-DC, 2009 WL 2972934, at *1 (E.D. Ky. Sept. 11, 2009) (citing *United States v. Jones*, No. 1:05–CR–132, 2006 U.S. Dist. LEXIS 9269, at *2 (E.D. Tenn. Feb. 16, 2006)). "[A] pretrial motion to dismiss the indictment *cannot be based on a sufficiency of the evidence argument* because such an argument raises factual questions embraced in the general issue." *United States v. Kelley*, No. 1:08-CR-51, 2008 WL 5517559, at *5 (E.D. Tenn. Oct. 24, 2008) (emphasis added) (quoting *United*

*States v. Williams*, No. CR 406-186, 2006 WL 3218704, * 1 (S.D. Ga. Nov. 3, 2006)). "Although at the pre-trial stage, the court may review the legal sufficiency of the indictment, it may not . . . review the sufficiency of the proof that will be offered in support of the indictment's allegations or second-guess the grand jury's probable cause findings." *Id.* (quoting *Williams*, 2006 WL 3218704, at * 1) (internal quotation marks omitted).

In this case, Defendant argues that the Indictment should be dismissed because he is not a "prohibited person" under 18 U.S.C. § 922. [DN 19 at 49]. Specifically, Defendant claims that no court has adjudged him "'mentally defective' nor has the United States Government produced any documents that would prove/suggest that Defendant is 'mentally defective.'" *Id.* Moreover, Defendant asserts that even if he was a "prohibited person," "there is no evidence Defendant was aware or served notice of the prohibition" to possess firearms. *Id.* Finally, Defendant claims that the Court lacks jurisdiction over this case because the Government has presented insufficient evidence to establish that the firearms traveled in interstate commerce. *Id.* at 50.

In response, the Government argues that the Motion to Dismiss should be denied because the Defendant "raises questions of fact that must be considered by the factfinder at trial, as to whether he has been" adjudged mentally defective or committed to a mental institution. [DN 22 at 84]. Additionally, the Government contends that whether the firearms were possessed in or affecting interstate commerce is a factual determination to be made by the jury. *Id.* Since "Rule 12 does not permit such an analysis prior to trial," the Government request the Court deny the Motion to Dismiss. *Id.*

The Court agrees with the Government. Defendant argues that the Indictment should be dismissed because there is insufficient evidence to establish he is a prohibited person pursuant to 18 U.S.C. § 922(g)(4) and that the firearms traveled in interstate commerce. Therefore, Defendant

4

seeks to have this Court review the Indictment on impermissible grounds given that the Court cannot "review the sufficiency of the [evidence] that will be offered in support of the indictment's allegations" in a motion to dismiss the indictment. *Kelley*, 2008 WL 5517559, at *5 (citation omitted). The Indictment sets out all of the elements of 18 U.S.C. § 922(g)(4), gives notice to Defendant of the charge he faces, and is sufficiently specific to enable Defendant to plead double jeopardy in a subsequent proceeding. *See Anderson*, 605 F.3d at 411. Accordingly, this Court simply cannot dismiss an indictment, which is valid on its face, on the ground that it is based upon insufficient evidence. *Jones*, 2009 WL 2972934, at *1 (citation omitted). Accordingly, Defendant's Motion to Dismiss the Indictment, [DN 19], is DENIED.

## II.   Motion for Release of Property

On December 21, 2019, law enforcement officers obtained a search and seizure warrant for Defendant and his residence. [DN 24 at 89]. The warrant specifically authorized the seizure of "all firearms, magazines, and ammunition." *Id.* Later that day, law enforcement officers located Defendant while he was driving a vehicle. *Id.* The officers stopped the vehicle and searched Defendant, locating a pistol on his right hip. *Id.* at 90. Defendant provided a key to his residence and law enforcement searched the premise pursuant to the warrant. *Id.* Nine additional firearms were discovered inside the residence. *Id.* On January 14, 2020, a grand jury indicted Defendant on one count of possession of a firearm by a prohibited person. *Id.* The Indictment also included a Notice of Forfeiture stating that pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461, "all firearms and ammunition involved in the charged offense shall be forfeited to the United States." *Id.*

In the current motion, Defendant moves the Court to direct the United States to release the firearms to his counsel. [DN 19 at 56–57]. Defendant claims he conveyed and/or assigned his interest in the firearms to his counsel in exchange for representation. *Id.* Thus, Defendant argues,

5

the continued seizure of the firearms deprives him of his Sixth Amendment right to counsel. *Id.* at 52.

Defendant relies solely on *Luis v. United States*, 136 S. Ct. 1083, 1087, 194 L. Ed. 2d 256 (2016) to support his argument. *Id.* In that case, Sila Luis was charged with paying kickbacks, conspiring to commit fraud, and engaging in other crimes related to health care. *Luis*, 136 S. Ct. 1083, 1087, 194 L. Ed. 2d 256 (2016). The district court entered an order prohibiting Luis from dissipating or otherwise disposing assets up to $45 million in hopes of preserving funds for payment of restitution and other criminal penalties. *Id.* at 1087–88. The Government and Luis agreed that the court's order would prevent Luis from "using her own untainted funds, *i.e.*, funds not connected with the crime, to hire counsel to defend her in her criminal case." *Id.* at 1088. Upon review, the Supreme Court vacated the lower court's judgment and remanded the case, finding that "the pretrial restraint of legitimate, untainted assets needed to retain counsel of choice violates the Sixth Amendment." *Id.* In reaching this decision, the Court emphasized the fact that Luis's assets where untainted:

> [T]he property here is untainted; *i.e.*, it belongs to the defendant, pure and simple. In this respect it differs from a robber's loot, a drug seller's cocaine, a burglar's tools, or other property associated with the planning, implementing, or concealing of a crime. The Government may well be able to freeze, perhaps to seize, assets of the latter, "tainted" kind before trial. As a matter of property law the defendant's ownership interest is imperfect. The robber's loot belongs to the victim, not to the defendant. [citation omitted]. The cocaine is contraband, long considered forfeitable to the Government wherever found. *See, e.g.*, 21 U.S.C. § 881(a) ("[Controlled substances] shall be subject to forfeiture to the United States and no property right shall exist in them"); *Carroll v. United States*, 267 U.S. 132, 159, 45 S.Ct. 280, 69 L.Ed. 543 (1925) (describing the seizure of "contraband forfeitable property"). And title to property used to commit a crime (or otherwise "traceable" to a crime) often passes to the Government at the instant the crime is planned or committed. *See, e.g.*, § 853(c) (providing that the Government's ownership interest in such property relates back to the time of the crime).

*Id.* at 1090.

Pursuant to *Luis*, Defendant argues that "it is unlawful for the United States Government to freeze and/or seize assets belonging to a Defendant under a pretense of forfeiture if those assets (which are not per se contraband) are being used to acquire the counsel of Defendant's choice." [DN 19 at 52]. In response, the Government asserts that "defendant's reliance on *Luis v. United States* is misplaced." [DN 24 at 91]. Specifically, the Government argues that "the property in question is clearly tainted as it constitutes ten firearms that the Grand Jury has alleged were illegally possessed." *Id.* Moreover, the Government notes that 18 U.S.C. § 924(d)(1) provides "[a]ny firearm or ammunition involved in or used in any knowing violation of subsection . . . (g) . . . of section 922 . . . shall be subject to seizure and forfeiture" and 21 U.S.C. § 853 "vests in the United States all right, title and interest in property, upon the commission of the act giving rise to the forfeiture." *Id.*

Pursuant to the Sixth Amendment, a criminal defendant has the right "to have the Assistance of Counsel for his defense." U.S. Const., amend. VI. "One element of that right is the right to have counsel of one's choice." *Lewis v. Smith*, No. 1:12-CV-1109, 2016 WL 11262518, at *12 (W.D. Mich. Dec. 6, 2016), *report and recommendation adopted*, No. 1:12-CV-1109, 2017 WL 116597 (W.D. Mich. Jan. 12, 2017) (citing *United States v. Gonzalez–Lopez*, 548 U.S. 140, 148 (2006)). "[I]n *Luis*, the Supreme Court held that the pretrial restraint of legitimate, *untainted* assets needed to pay a reasonable fee for the assistance of counsel of choice violated the Sixth Amendment. *United States v. Sadiq*, No. CR 12-20272, 2017 WL 3457175, at *2 (E.D. Mich. Aug. 11, 2017) (citing *Luis*, 136 S. Ct. at 1088, 1096). However, in this case, Defendant's reliance on *Luis* is misplaced given that the assets in question are undoubtedly tainted due to their involvement in the alleged criminal act. The Grand Jury charged Defendant with possessing ten firearms after

being committed to a mental institution in violation of 18 U.S.C. § 922(g)(4). [DN 9]. Without the firearms, there would be no crime. Thus, the property in this case is more akin to "a robber's loot, [or] a drug seller's cocaine" than funds completely unassociated with a fraudulent health care scheme. *See Luis*, 136 S. Ct. at 1090. Moreover, the Court notes that Defendant has not argued that the firearms are untainted by the alleged crime. Accordingly, the Court concludes that Defendant's claim under *Luis* fails. The Motion for Release of Property is DENIED.

### III. Motion for Psychiatric or Psychological Examination

Finally, the Government moves the Court to enter an order appointing a psychiatrist or psychologist to examine Defendant in order to determine if he is competent to understand the proceedings against him and properly assist in his own defense. [DN 27 at 99]. Defendant "takes no position" in response to the Government's motion. [DN 29 at 121]. Accordingly, the Government's Motion for Psychiatric or Psychological Examination is GRANTED.

### CONCLUSION

For the reasons set forth herein, **IT IS HEREBY ORDERED**: Defendant's Motion to Dismiss the Indictment, [DN 19], is **DENIED**; Defendant's Motion for Release Property, [DN 19], is **DENIED**; and the Government's Motion for Psychiatric or Psychological Examination, [DN 27], is **GRANTED**. The Court will enter a separate Order contemporaneous to this Memorandum Opinion and Order regarding the Motion for Psychiatric or Psychological Examination.

**IT IS SO ORDERED**.

*Thomas B. Russell*

Thomas B. Russell, Senior Judge
United States District Court

March 19, 2020

CC: Attorneys of Record